IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH STEPHEN WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:13-cv-912-WHA |
| | ) | |
| LEEPOSEY DANIELS, et al., | ) | (WO) |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #29) and Plaintiff's objection thereto (Doc. #30).

The court has conducted an independent evaluation and *de novo* review of the file in this case and, having done so, finds the objection to be without merit.

Included in the objection, West appears to raise five main points, each of which is discussed further below. In his objection, West has included many new assertions. Some of these assertions are based on "documents [that] have brought to life other issues which were not handled properly by the defendants." (Doc. 30) at 3. It is improper for West to attempt to raise new claims in an objection to the recommendation. Additionally, many of these new assertions are speculative, including qualifiers such as "it is my belief that . . ." and "one cannot say for sure but it is quite likely that . . . " *Id.* This does not suffice to state a claim under 1983.

1. *West argues that none of the defendants should be entitled to qualified immunity.*

Throughout West's objection, he argues that the defendants should not be entitled to qualified immunity. The recommendation explicitly declined to address the issue of qualified

immunity: "Because the court recommends dismissal of Plaintiff's action for failure to state a § 1983 claim, the court declines to address whether Warden Daniels and Warden Bolling would be entitled to qualified immunity had Plaintiff stated a cognizable § 1983 claim." (Doc. 29) at 14. Thus, West's argument has no merit.

2. *West argues that the Wardens violated their oaths of office and that Corizon breached its contract with the state. He believes both should be charged with crimes.*

West did not raise any such state law claims in his complaint and this court cannot issue the relief he requests regarding criminal charges. Thus, this argument has no merit.

3. *Mr. West believes the "higher ups" at Corizon were deliberately indifferent*

As discussed in the Recommendation, Corizon cannot be liable on the basis of respondeat superior, and West has not identified any individuals who are alleged to have acted improperly. Thus, this argument has no merit.

4. *Mr. West states that neither the Wardens nor CMS had to get approval from a superior to provide needed medical services.*

West's asserts that "[n]either the Wardens nor C[orizon] had to get approval from a superior to provide the needed medical services" and that "[t]he Wardens are supervisors and as such they are fully responsible for all the inmates in their respective prison which they are sworn to protect." (Doc. 30) at 11. It appears that West is disagreeing with the Recommendation section stating that neither the Wardens nor Corizon can be found liable on the basis of respondeat superior. As discussed in the Recommendation, it is well established that

"[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior*" (citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir.2003) (citations omitted).  West's argument has no merit.

5.  *West believes that the real reason he was denied timely medical attention was "Money!"*

This is not an objection to the Recommendation.   West includes his approximate calculations of what health care must cost the state of Alabama and appears to ask the court to rely on such speculation to infer that his eighth amendment rights were violated.

Therefore, it is hereby ORDERED as follows:

1.  Plaintiff's objection is OVERRULED.

2.  The court ADOPTS the Recommendation of the Magistrate Judge.

3.  Defendants' Motion to Dismiss (Doc. #25) is GRANTED for failure of the Complaint to state a claim upon which relief may be granted, and this case is DISMISSED with prejudice.

DONE this 5th day of January, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE